**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1872**

OMONDO MOUKO; MICHELA RAOUL BANIMBEK,

     Petitioners,

     v.

ERIC H. HOLDER, JR., Attorney General,

     Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: May 31, 2012         Decided: June 8, 2012

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald Darwin Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioners. Stuart F. Delery, Acting Assistant Attorney General, Jennifer P. Levings, Senior Litigation Counsel, Monica G. Antoun, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omondo Mouko and his wife, Michela Raoul Banimbek, both natives and citizens of Cameroon, petition for review of an order of the Board of Immigration Appeals (Board) dismissing their appeal from the Immigration Judge's denial of Mouko's applications for relief from removal.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the [Board]'s interpretation of the INA and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an

2

abuse of discretion.'" <u>Marynenka v. Holder</u>, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

We have reviewed the evidence of record and Petitioners' claims and conclude that substantial evidence supports the Board's determination that Mouko failed to establish eligibility for asylum and withholding of removal. We further uphold the finding below that Mouko failed to qualify for protection under the Convention Against Torture. <u>See</u> 8 C.F.R. § 1208.16(c)(2) (2012).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>